UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-

DRACUT SCHOOL COMMITTEE,
Plaintiff

v.

BUREAU OF SPECIAL EDUCATION
APPEALS OF THE
MASSACHUSETTS DEPARTMENT
OF ELEMENTARY AND
SECONDARY EDUCATION,
MASSACHUSETTS DEPARTMENT
OF ELEMENTARY AND
SECONDARY EDUCATION,
P.A. AND C.A.
Defendants



**COMPLAINT FOR JUDICIAL REVIEW OF**
**FINAL DECISION OF STATE ADMINISTRATIVE AGENCY**

Jurisdiction

1.  This is a complaint for judicial review of a final Decision of the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Education, pursuant to 20 U.S.C. §1415(i)(2) of the Individuals with Disabilities Education Act (IDEA).

The Parties

2.  Plaintiff is the Dracut School Committee, a body politic and corporate as established under the laws of the Commonwealth of Massachusetts, with a usual place of business located at 2063 Lakeville Avenue, Dracut, Massachusetts (hereinafter "Dracut").

3. Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education has a usual place of business at 75 Pleasant Street, Malden, Massachusetts.

4. Defendant Massachusetts Department of Elementary and Secondary Education has a usual place of business at 75 Pleasant Street, Malden, Massachusetts.

5. Defendant, C.A., resides in Dracut, Massachusetts (hereinafter "Student").

6. Defendant, P.A., resides in Dracut, Massachusets (hereinafter "Parent") and is the parent of C.A.

Cause of Action

7. The Student, nineteen (19) years old, attended Dracut High School from the fall of 2004, his freshman year, through June of 2008, his senior year.

8. On or about January 2006, Dracut found the student eligible to begin receiving special education and related services. Prior to that time, the Student was eligible for and received an accommodation plan pursuant to Section 504 of the Rehabilitation Act.

9. The Student's principal diagnosis is Asperger's Syndrome. The Student has also been diagnosed with Attention Deficit Hyperactivity Disorder and an anxiety disorder.

10. While the Student attended Dracut High School, the Student had three Individual Education Plans (IEPs). Each IEP included a transition plan.

11. While Student attended Dracut High School, the Student took college-preparatory classes, including a college preparatory level science class which utilized pre-

college text, and received a grade of A plus. The Student was observed to function at a very high level, was engaged, and worked on-task.

12. While Student attended Dracut High School, he was a member of the track team during his junior and senior years. Through participation on the track team, the Student created a social group with whom he socialized during school. Dracut's staff observed him to appropriately interact with peers and staff. The Student's track teammates awarded the Student the "Team Spirit" Award at the end of his junior year. He received the Fran Kelley Award in his senior year, an honor given to a student whose participation in track has helped overcome obstacles.

13. During the Student's senior year at Dracut High School, he successfully participated in a gym mentoring program four (4) times per week for one (1) semester. Student was responsible for leading stretching exercises, organizing equipment, explaining the rules, and acting as referee.

14. During the Student's senior year at Dracut High School, Dracut facilitated the Student's employment at a private credit union located within Dracut High School for fifty (50) minutes three times per week, and at times an additional ninety (90) minutes per week. Student successfully learned to make deposits and withdrawals for bank customers. He was observed to work well with others, including members of the public who utilized the bank.

15. During the Student's senior year at Dracut High School, he also participated in a technology internship for ninety (90) minutes, one time per week. The internship consisted of meeting with Dracut's technology coordinator, assessing, troubleshooting, and repairing computers by replacing or installing software or hardware.

Student was noted to follow directions, be polite, and demonstrate excellent behavior while interacting with adults.

16. The Student received three scholarship awards in 2008, which he was awarded at Dracut High School's "Pride Night."

17. During the time the Student attended Dracut High School, he consistently informed Dracut staff that his primary focus regarding transition planning was to attend college and work with computers.

18. By June of 2008, the Student had completed all state and local graduation requirements. Dracut staff agreed that the Student was prepared to leave Dracut High School and attend college.

19. The Student has continued his education at Middlesex Community College during the 2008-2009 school year. He takes public transportation to college and attends classes twice per week.

20. On or about May 29, 2008 the parent filed a Request for Hearing with the Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education seeking a finding that Dracut had failed to provide appropriate transition services, and that Dracut must continue to provide transition services to the student as well as compensatory transition services.

21. The Parent also contested Dracut's decision to graduate the Student in June of 2008 and sought an emergency "stay-put" Order allowing the Student to participate in graduation ceremonies without accepting his diploma. On June 6, 2008, the hearing officer ruled that the Student would be allowed to participate in graduation exercises, decline his diploma, and retain his substantive and procedural rights to a free

and appropriate public education until resolution of the Parent's Request for Hearing. The hearing officer further found that the Student's last agreed upon educational program and placement (i.e. "stay-put" placement) was the Student's then-current IEP.

22.     On or about December 11, 2008, January 22, 2009, and February 2, 2009 the defendant, the Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education, conducted an administrative due process hearing relative to the defendant Parent's Request for Hearing.

23.     At the hearing, testimony regarding the Student's progress and success at Dracut High School was undisputed, including that the Student had achieved all local and state requirements for graduation.

24.     At the hearing, the Student/Parent presented testimony from Mary Elisa Abele, a speech and language pathologist who privately evaluated the Student in January of 2005 and March of 2007 for the purpose of assessing the Student's pragmatic language abilities. Ms. Abele testified that the Student had pragmatic language deficits and that she had recommended direct services to the Student's IEP team, however the IEP team declined to adopt her recommendations. Dracut presented testimony that the Student's IEP team declined to adopt Ms. Abele's recommendations because the Dracut staff observed the Student to be successful in school and concluded that direct pragmatic language services were not needed.

25.     At hearing, the Student/Parent also presented testimony from a private consultant, Michele Mayer, who conducted a "readiness-to-graduate" assessment of the Student in October of 2008. Ms. Mayer testified as to her opinion that the Student was not prepared to graduate from high school and would benefit from additional services in

order to be ready to graduate. She also recommended additional testing of the Student's social skills.

26. On or about March 13, 2009, the defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education issued a Decision, wherein the defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education found that "[i]t is undisputed that Student has met all of Dracut's and Massachusetts' requirements for graduation from high school." (See Decision, attached hereto as Exhibit 1, at 39). The hearing officer further stated that, "Dracut may (and should) grant the Student his high school diploma at this time." *Id.* at 40.

27. Despite the hearing officer's finding that the Student had met all local and state requirements for graduation and that Dracut may and should graduate the Student from high school, the hearing officer ordered that "Dracut shall provide student with extended special education eligibility for purposes of receiving two years of additional transition services and (during the same time period) two years of services for older students under Massachusetts special education regulations." *Id.* at 41.

28. The hearing officer ordered Dracut to convene an IEP team meeting for purposes of developing a new transition plan within thirty (30) days of the date of Decision, with services under the new transition plan and services for older students to commence within sixty (60) days of the date of the Decision and to continue for two (2) years thereafter. *Id.* at 41.

29. The hearing officer further ordered Dracut to provide transition services and services for older children consistent with the Decision including: (1) pragmatic

language instruction; (2) development of organizational skills; (3) vocational training that includes placement and support within three or four worksites in the community; (3) travel instruction; (4) and a comprehensive social skills assessment. *Id.* at 41.

30. Finally, the hearing officer ordered Dracut to hire and compensate the student/parent's expert witnesses, Mary Elsa Abele and Michele Mayer, for sufficient consultation time so that they may (1) provide consultation to Dracut to assist in the development of the transition plan that complies with the Decision, (2) advise Dracut during the two-year period of extended eligibility regarding the need for any modifications to Dracut's proposed transition plan, and (3) advise Dracut regarding the appropriate implementation of its transition plan. In the event that Ms. Abele and Ms. Mayer are not able to provide the consultation, then the hearing officer ordered Dracut to retain substitute consultants who are recommended by Ms. Abele or Ms. Mayer. *Id.* at 42.

31. The Plaintiff, Dracut School Committee, is aggrieved by the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education's Decision of March 13, 2009, in that the Decision is incorrect as a matter of law, is not supported by a preponderance of the evidence, is arbitrary and capricious, and is unwarranted by the facts of the record.

WHEREFORE, the Plaintiff, the Dracut School Committee, prays that this Court affirm the hearing officer's finding that the Student met all of Dracut's and Massachusetts' requirements for graduation and that Dracut may and should graduate the Student from high school; and reverse the finding of the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary

Education with respect to the Order requiring Dracut to provide the student with two (2) years of additional transition services, to extended special education eligibility for purposes of receiving two (2) years of additional transition services and with respect to the Order requiring Dracut to hire and compensate the Parent's expert witnesses or substitute consultants recommended by the Parent's expert witnesses; and award the Plaintiff such other and further relief as the Court deems just and appropriate.

Dated: June 8, 2009

The Defendant,
Dracut Public Schools
By its attorneys,

*Catherine R. Lyons (aur)*
*Amy M. Rogers*

Catherine L. Lyons
BBO No. 652725
Amy M. Rogers
BBO No. 564721
Sullivan, Nuttall & MacAvoy, P.C.
1020 Plain Street, Suite 270
Marshfield, MA 02050
781-837-7428

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
[CLERK'S OFFICE]

1. Title of case (name of first party on each side only) Dracut School Committee v. Bureau of Special Education Appeals of the Mass. Department of Elementary and Secondary Education, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.  220, 422, 423, 430, 460, 462, 463, 465, 480, 490, 510, 530, 610,
             620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   John Doe, et al. v. Dracut Public Schools, CA No.: 09-10561-PBS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☑    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Catherine L. Lyons
ADDRESS Sullivan, Nuttall & MacAvoy, 1020 Plain Street, Suite 270, Marshfield, MA 02050
TELEPHONE NO. 781-837-7428

(CategoryForm-08.wpd -2/8/08)

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dracut School Committee

**DEFENDANTS**
Bureau of Special Education Appeals of the Mass.
Department of Elementary and Secondary Education, Mass.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Catherine L. Lyons, Amy M. Rogers, Sullivan, Nuttall & MacAvoy,
1020 Plain Street, Suite 270, Marshfield, MA 02050 781-837-7428

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
20 U.S.C. 1415

Brief description of cause:
Review of state due process decision - education

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Saris
DOCKET NUMBER 09-10561-PBS

DATE: 06/08/2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____