UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRACUT SCHOOL COMMITTEE, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>BUREAU OF SPECIAL EDUCATION )<br>APPEALS OF THE )<br>MASSACHUSETTS DEPARTMENT )<br>OF ELEMENTARY AND )<br>SECONDARY EDUCATION, et al., )<br>Defendants. )<br> ) | CIVIL ACTION NO. 09-cv-10966-PBS |

## ANSWER AND COUNTERCLAIM OF
## DEFENDANTS P.A. AND C.A.

### ANSWER

Defendants P.A. ("Parent") and C.A. ("Student," collectively with Parent the "Individual Defendants") answer the Complaint of the Dracut School Committee ("Dracut") as follows:

### Jurisdiction

1.      Paragraph 1[1] states a conclusion of law to which no response is required. To the extent that Paragraph 1 contains allegations that require a response, the Individual Defendants deny those allegations.

### The Parties

2.      The Individual Defendants admit the allegations in Paragraph 2.

3.      The Individual Defendants admit the allegations in Paragraph 3.

4.      The Individual Defendants admit the allegations in Paragraph 4.

5.      The Individual Defendants admit the allegations in Paragraph 5.

---

[1] This Answer refers to the Complaint's consituent paragraphs as "Paragraph __."

6. The Individual Defendants admit the allegations in Paragraph 6.

**Cause of Action**

7. The Individual Defendants admit the allegations in Paragraph 7.

8. The Individual Defendants admit that Dracut placed Student on an IEP in January 2006, as it had in 1993 and again in 1998.  The Individual Defendants also admit that Student received an accommodation plan pursuant to Section 504 beginning in 2000.  The Individual Defendants deny the balance of the allegations and characterizations in Paragraph 8.

9. The Individual Defendants admit the allegations in Paragraph 9.

10. The Individual Defendants admit the allegations in Paragraph 10.

11. The Individual Defendants admit that Student took college preparatory classes at Dracut High School and received a grade of A+ in one science course utilizing a pre-college text.  The Individual Defendants deny the balance of the allegations in Paragraph 11.

12. The Individual Defendants admit that Student was a member of the Dracut High School track team during his junior and senior years.  The Individual Defendants further admit that Student received the track team's "Team Spirit" award at the end of his junior year and the Fran Kelley award during his senior year.  The Individual Defendants deny the balance of the allegations in Paragraph 12.

13. The Individual Defendants admit that Student participated in a gym mentoring program four times per week for one semester and that he was responsible for leading stretching exercises, organizing equipment, explaining the rules, and acting as referee.  The Individual Defendants deny the balance of the allegations in Paragraph 13.

14. The Individual Defendants admit that, for approximately five months, Student participated in a private credit union, located within Dracut High School, which served the

general public.  The Individual Defendants further admit that during this period Student participated in the credit union for fifty (50) minutes, three times per week and, on occasion, an additional ninety (90) minute session once per week.  Finally, the Individual Defendants admit that Student was trained to make deposits and withdrawals for bank customers.  The Individual Defendants are without sufficient knowledge or information to admit or deny the balance of the allegations of Paragraph 14.

15.     The Individual Defendants admit that, for approximately three months, Student participated in a technology internship for ninety (90) minutes, one time per week.  The Individual Defendants admit that Student met with Dracut's technology coordinator on occasion and that the internship consisted of assessing, troubleshooting, and repairing computers by replacing or installing software or hardware.  The Individual Defendants are without sufficient knowledge or information to admit or deny the balance of the allegations of Paragraph 15.

16.     The Individual Defendants admit the allegations in Paragraph 16.

17.     The Individual Defendants admit that Student discussed attending college and working with computers with Dracut staff.  The Individual Defendants deny the balance of the allegations in Paragraph 17.

18.     The Individual Defendants deny the first sentence of Paragraph 18.  The Individual Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 18.

19.     The Individual Defendants admit that Student took a remedial math class and an English composition class at Middlesex Community College during the first semester of the 2008-2009 school year.  The Individual Defendants further admit that Student was eventually able to

learn the bus route to Middlesex Community College. The Individual Defendants deny the balance of the allegations in Paragraph 19.

20. The Individual Defendants admit the allegations in Paragraph 20.

21. The Individual Defendants admit the allegations in Paragraph 21.

22. The Individual Defendants admit the allegations in Paragraph 22.

23. The Individual Defendants deny the allegations in Paragraph 23.

24. Paragraph 24 consists of allegations concerning the content of the Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education ("BSEA") hearing record on the Individual Defendants' appeal, and that record speaks for itself. To the extent that Paragraph 24 contains allegations inconsistent with the hearing record, the Individual Defendants deny those allegations.

25. Paragraph 25 consists of allegations concerning the content of the BSEA hearing record, which speaks for itself. To the extent that Paragraph 25 contains allegations inconsistent with the hearing record, the Individual Defendants deny those allegations.

26. The Individual Defendants admit that the BSEA issued a decision (the "Decision") concerning the Individual Defendants' appeal on or about March 13, 2009. The balance of Paragraph 26 consists of characterizations of the Decision's content, and the Decision speaks for itself. To the extent that Paragraph 26 contains allegations inconsistent with the Decision, the Individual Defendants deny those allegations.

27. Paragraph 27 contains characterizations of the Decision, which speaks for itself. To the extent that Paragraph 27 contains allegations inconsistent with the Decision, the Individual Defendants deny those allegations.

28. Paragraph 28 contains characterizations of the Decision, which speaks for itself. To the extent that Paragraph 28 contains allegations inconsistent with the Decision, the Individual Defendants deny those allegations.

29. Paragraph 29 contains characterizations of the Decision, which speaks for itself. To the extent that Paragraph 29 contains allegations inconsistent with the Decision, the Individual Defendants deny those allegations.

30. Paragraph 30 contains characterizations of the Decision, which speaks for itself. To the extent that Paragraph 30 contains allegations inconsistent with the Decision, the Individual Defendants deny those allegations.

31. The Individual Defendants deny the allegations in Paragraph 31.

**WHEREFORE**, the Individual Defendants deny that Dracut is entitled to the relief it demands.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint states claims barred by the doctrines of estoppel, unclean hands, and laches.

### COUNTERCLAIM[2]

The Individual Defendants counterclaim as follows:

1. Defendant and plaintiff in counterclaim P.A. is a resident of Dracut, Massachusetts, and the mother of co-defendant and co-plaintiff in counterclaim Student.

2. Defendant and plaintiff in counterclaim C.A. is a resident of Dracut, Massachusetts.

---

[2] The Counterclaim adopts the same defined terms as the Answer.

3.     Plaintiff and defendant in counterclaim Dracut is a municipal body politic and corporate as established under the laws of the Commonwealth of Massachusetts, with a usual place of business located at 2062 Lakeville Avenue, Dracut, Massachusetts.

4.     Until June 2008, Student attended Dracut High School.

5.     In May 2008, Parent filed a Hearing Request with the BSEA seeking findings that: (a) Dracut had failed to provide appropriate transition services; (b) Dracut must continue to provide transition services to Student beyond the date of his graduation; and (c) Dracut must provide compensatory transition services.

6.     On March 13, 2009, after an evidentiary hearing, a BSEA Hearing Officer issued the Decision.

7.     In his Decision, the Hearing Officer found that Dracut had, *inter alia*: (a) violated the Individuals with Disabilities Education Act (IDEA) by failing to conduct appropriate transition assessments and propose IEPs based on Student's particular transition needs; (b) made conscious decisions not to address Student's pragmatic language deficits "in a manner that would reasonably likely to facilitate his transition to postsecondary education, employment, and independent living"; (c) failed to provide services that were reasonably likely to address Student's disability-related organization and social skills deficits; (d) made no attempt to address Student's need for travel training; (e) left student "at significant risk of becoming dependant on welfare and social service systems"; and (f) denied Student a free and appropriate public education. *See* Decision at 36-37.

8.     The Decision ordered Dracut to provide Student with two years of compensatory transition services and develop a new transition plan. The Decision also required Dracut to hire two of the Parent's expert witnesses to consult and advise the school district in developing and

implementing the new transition plan and directed Dracut to retain substitute consultants recommended by those experts if they were not able to provide consultation.

9.  To date, Dracut has refused to comply with the Decision.

10. The Decision contained a detailed description of the evidence presented at the BSEA hearing.  That evidence contained private and sensitive information concerning Student, including detailed descriptions of Student's disabilities, symptoms, language and social deficits, and educational and disciplinary history.  The Decision did not identify either Parent or Student by name and stated that "the parties are strongly urged to file the complaint without identifying the true name of the parents or the child. . . ."  Id. at 44.

11. On June 8, 2009, Dracut filed the Complaint.  Contrary to established practice and without basis or justification, the Complaint identified Parent and Student by name.[3]  The Complaint also attached an unredacted copy of the Decision and recounted testimony presented at the Individual Defendants' BSEA hearing, including hitherto private details concerning Student's disabilities, language and social deficits, and educational history.

12. By exposing Student's private information in a public forum, Dracut violated numerous federal and state statutes and regulations.  These include, but are not limited to, the Federal Education Rights and Privacy Act and 603 CMR 23.07.

13. On or about June 11, 2009, a reporter from the Lowell Sun, a local newspaper, attempted to contact Parent by telephone regarding the Complaint.  Parent did not speak to the reporter.

14. On June 12, 2009, the Lowell Sun printed an article detailing the Complaint's allegations (the "Sun Article").  A copy of the Sun Article is attached as Exhibit A hereto.

---

[3]  The Complaint complied with the technical requirements of LR 5.3(A) as Student is nineteen years old.

15. The article identified Parent and Student by name, described Student's disabilities and educational history, and recounted hearing testimony concerning Student's language deficits. The <u>Sun</u> Article also included an interview with Ron Mercier, a Dracut School Committee Member, who stated that he was speaking in his capacity as a School Committee Member.

16. A link to the <u>Sun</u> Article appeared on Dracut High School's news and content hub. A copy of that link is attached as <u>Exhibit B</u> hereto.

17. The article produced numerous posts on the <u>Lowell Sun</u>'s forum, copies of which are attached as <u>Exhibit C</u> hereto. Many of these posts abused and disparaged the Individual Defendants.

18. Subsequent to the <u>Sun</u> Article's publication, several internet blogs, including <u>http://dracutpolitics.blogspot.com/</u>, discussed the Complaint and identified Parent and Student by name.

19. Parent's supervisor at her workplace indicated to her that he had read the <u>Sun</u> Article.

20. On or about June 12, 2009, Individual Defendants' counsel contacted Dracut's counsel regarding Dracut's decision to reveal the Individual Defendants' identities. Dracut's counsel refused to discuss possible methods to protect the Individual Defendants' privacy.

21. On information and belief, a Dracut official with policy making authority directed the filing of the Complaint with knowledge that its contents would become public and contacted the <u>Lowell Sun</u> regarding the Complaint and its contents.

22. On information and belief, Dracut identified the Individual Defendants in the Complaint, and subsequently publicized the Complaint and the private information it contained, in

an effort to intimidate and coerce the Individual Defendants and dissuade them from exercising their rights under the IDEA.

### Count I -- 42 U.S.C. § 1983

23. The Individual Defendants restate the allegations set forth in paragraphs 1-22 above.

24. Dracut, acting under color of state law, has deprived the Individual Defendants of their rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, the Fourth Amendment to the United States Constitution, and the IDEA.

25. As a direct result of Dracut's actions, the Individual Defendants have suffered, and are continuing to suffer, damages.

### Count II -- M.G.L. c. 12, § 11I

26. The Individual Defendants restate the allegations set forth in paragraphs 1-25 above.

27. Dracut has, through intimidation and coercion, interfered with Individual Defendants' rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, the Fourth Amendment to the United States Constitution, and Articles I, X, and XIV of the Massachusetts Declaration of Rights.

28. As a direct result of Dracut's actions, the Individual Defendants have suffered, and are continuing to suffer, damages.

### Count III -- M.G.L. c. 214, § 1B

29. The Individual Defendants restate the allegations set forth in paragraphs 1-28 above.

EAST\42525172.1
000125-008661

9

30. Dracut has unreasonably, substantially, and seriously interfered with the Individual Defendants' privacy by disclosing facts of a highly personal or intimate nature without legitimate reason.

31. As a direct result of Dracut's actions, the Individual Defendants have suffered, and are continuing to suffer, damages.

**WHEREFORE**, the Individual Defendants and plaintiffs in counterclaim respectfully request that the Court grant the Individual Defendants the following relief:

1. Judgment in favor of the Individual Defendants on Counts I, II, and III of the Counterclaim;

2. Entry of an order enjoining Dracut from further disclosing the Individual Defendants' personal and private information;

3. Actual and punitive damages in an amount to be determined at trial;

4. Reasonable attorneys' fees; and

5. Such other relief as the Court deems just and proper.

                                                C.A. AND P.A.

By:   /s/ Matthew Iverson
       Pamela J. Coveney
       BBO #102780
       Janine A. Solomon
       BBO #567964
       Disability Law Center
       11 Beacon Street, Suite 925
       Boston, MA  02108
       (617) 723-8455 (telephone)

       Daniel E. Rosenfeld (BBO #560226)
       Matthew J. Iverson (BBO #653880)
       DLA PIPER LLP (US)
       33 Arch Street, 26th Floor
       Boston, MA  02110-1447
       (617) 406-6000 (telephone)
       (617) 406-6100 (fax)

July 6, 2009
With Redactions, August 6, 2009

CERTIFICATE OF SERVICE

I, Matthew Iverson, hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those indicated as non-registered participants on July 6, 2009.

          /s/ Matthew Iverson