UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09- 1:09-cv-10966

DRACUT SCHOOL COMMITTEE,
Plaintiff

v.

BUREAU OF SPECIAL EDUCATION
APPEALS OF THE
MASSACHUSETTS DEPARTMENT
OF ELEMENTARY AND
SECONDARY EDUCATION,
MASSACHUSETTS DEPARTMENT
OF ELEMENTARY AND
SECONDARY EDUCATION, P. A.
and C.A. Defendants

## AMENDED COMPLAINT FOR JUDICIAL REVIEW OF
## FINAL DECISION OF STATE ADMINISTRATIVE AGENCY

Jurisdiction

  1.  This is a complaint for judicial review of a final Decision of the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education, pursuant to 20 U.S.C. §1415(i)(2) of the Individuals with Disabilities Education Act (IDEA).

The Parties

  2.  Plaintiff is the Dracut School Committee, a body politic and corporate as established under the laws of the Commonwealth of Massachusetts, with a usual place of business located at 2063 Lakeville Avenue, Dracut, Massachusetts (hereinafter "Dracut").

3. Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education has a usual place of business at 75 Pleasant Street, Malden, Massachusetts.

4. Defendant Massachusetts Department of Elementary and Secondary Education has a usual place of business at 75 Pleasant Street, Malden, Massachusetts.

5. Defendant, C.A., resides in Dracut, Massachusetts.

6. Defendant, P. A., resides in Dracut, Massachusets and is the parent of C.A.

Cause of Action

7. C.A., nineteen (19) years old, attended Dracut High School from the fall of 2004, his freshman year, through June of 2008, his senior year.

8. On or about January 2006, Dracut found C.A. eligible to begin receiving special education and related services. Prior to that time, C.A. was eligible for and received an accommodation plan pursuant to Section 504 of the Rehabilitation Act.

9. C.A.'s principal diagnosis is Asperger's Syndrome. He has also been diagnosed with Attention Deficit Hyperactivity Disorder and an anxiety disorder.

10. While C.A. attended Dracut High School, he had three Individual Education Plans (IEPs). Each IEP included a transition plan.

11. While C.A. attended Dracut High School, he took college-preparatory classes, including a college preparatory level science class which utilized pre-college text, and received a grade of A plus. He was observed to function at a very high level, was engaged, and worked on-task.

12. While C.A. attended Dracut High School, he was a member of the track team during his junior and senior years. Through participation on the track team, he created a social group with whom he socialized during school. Dracut's staff observed him to appropriately interact with peers and staff. C.A.'s track teammates awarded him the "Team Spirit" Award at the end of his junior year. He received the Fran Kelley Award in his senior year, an honor given to a student whose participation in track has helped overcome obstacles.

13. During C.A.'s senior year at Dracut High School, he successfully participated in a gym mentoring program four (4) times per week for one (1) semester. He was responsible for leading stretching exercises, organizing equipment, explaining the rules, and acting as referee.

14. During C.A.'s senior year at Dracut High School, Dracut facilitated C.A.'s employment at a private credit union located within Dracut High School for fifty (50) minutes three times per week, and at times an additional ninety (90) minutes per week. He successfully learned to make deposits and withdrawals for bank customers. He was observed to work well with others, including members of the public who utilized the bank.

15. During C.A.'s senior year at Dracut High School, he also participated in a technology internship for ninety (90) minutes, one time per week. The internship consisted of meeting with Dracut's technology coordinator, assessing, troubleshooting, and repairing computers by replacing or installing software or hardware. He was noted to follow directions, be polite, and demonstrate excellent behavior while interacting with adults.

16. C.A. received three scholarship awards in 2008, which he was awarded at Dracut High School's "Pride Night."

17. During the time C.A. attended Dracut High School, he consistently informed Dracut staff that his primary focus regarding transition planning was to attend college and work with computers.

18. By June of 2008, C.A. had completed all state and local graduation requirements. Dracut staff agreed that the C.A. was prepared to leave Dracut High School and attend college.

19. C.A. has continued his education at Middlesex Community College during the 2008-2009 school year. He takes public transportation to college and attends classes twice per week.

20. On or about May 29, 2008, C.A.'s parent, P.A., filed a Request for Hearing with the Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education seeking a finding that Dracut had failed to provide appropriate transition services, and that Dracut must continue to provide transition services to C. A. as well as compensatory transition services.

21. P.A. also contested Dracut's decision to graduate C.A. in June of 2008 and sought an emergency "stay-put" Order allowing C.A. to participate in graduation ceremonies without accepting his diploma. On June 6, 2008, the hearing officer ruled that C.A. would be allowed to participate in graduation exercises, decline his diploma, and retain his substantive and procedural rights to a free and appropriate public education until resolution of P.A.'s Request for Hearing. The hearing officer further found that

C.A.'s last agreed upon educational program and placement (i.e. "stay-put" placement) was his then-current IEP.

22.     On or about December 11, 2008, January 22, 2009, and February 2, 2009 the defendant, the Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education, conducted an administrative due process hearing relative to the defendant Parent's Request for Hearing.

23.     At the hearing, testimony regarding C.A.'s progress and success at Dracut High School was undisputed, including that he had achieved all local and state requirements for graduation.

24.     At the hearing, C.A. and P.A. presented testimony from Mary Elisa Abele, a speech and language pathologist who privately evaluated C.A. in January of 2005 and March of 2007 for the purpose of assessing his pragmatic language abilities. Ms. Abele testified that C.A. had pragmatic language deficits and that she had recommended direct services to C.A.'s IEP team, however the IEP team declined to adopt her recommendations. Dracut presented testimony that C.A.'s IEP team declined to adopt Ms. Abele's recommendations because the Dracut staff observed him to be successful in school and concluded that direct pragmatic language services were not needed.

25.     At hearing, C.A. and P.A. also presented testimony from a private consultant, Michele Mayer, who conducted a "readiness-to-graduate" assessment of C.A. in October of 2008. Ms. Mayer testified as to her opinion that C.A. was not prepared to graduate from high school and would benefit from additional services in order to be ready to graduate. She also recommended additional testing of C.A.'s social skills.

26. On or about March 13, 2009, the defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education issued a Decision, wherein the defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education found that "[i]t is undisputed that [C.A.] has met all of Dracut's and Massachusetts' requirements for graduation from high school." (See Decision dated March 13, 2009, attached hereto as Exhibit 1, at 39). The hearing officer further stated that, "Dracut may (and should) grant [C.A.] his high school diploma at this time." *Id.* at 40.

27. Despite the hearing officer's finding that C.A. had met all local and state requirements for graduation and that Dracut may and should graduate him from high school, the hearing officer ordered that "Dracut shall provide [C.A.] with extended special education eligibility for purposes of receiving two years of additional transition services and (during the same time period) two years of services for older students under Massachusetts special education regulations." *Id.* at 41.

28. The hearing officer ordered Dracut to convene an IEP team meeting for purposes of developing a new transition plan within thirty (30) days of the date of Decision, with services under the new transition plan and services for older students to commence within sixty (60) days of the date of the Decision and to continue for two (2) years thereafter. *Id.* at 41.

29. The hearing officer further ordered Dracut to provide transition services and services for older children consistent with the Decision including: (1) pragmatic language instruction; (2) development of organizational skills; (3) vocational training that

6

includes placement and support within three or four worksites in the community; (3) travel instruction; (4) and a comprehensive social skills assessment. *Id.* at 41.

30. Finally, the hearing officer ordered Dracut to hire and compensate C.A. and P.A.'s expert witnesses, Mary Elsa Abele and Michele Mayer, for sufficient consultation time so that they may (1) provide consultation to Dracut to assist in the development of the transition plan that complies with the Decision, (2) advise Dracut during the two-year period of extended eligibility regarding the need for any modifications to Dracut's proposed transition plan, and (3) advise Dracut regarding the appropriate implementation of its transition plan. In the event that Ms. Abele and Ms. Mayer are not able to provide the consultation, then the hearing officer ordered Dracut to retain substitute consultants who are recommended by Ms. Abele or Ms. Mayer. *Id.* at 42.

31. On or about May 12, 2009, C.A. filed a Motion for Non-compliance with the BSEA alleging the Dracut was in non-compliance with the March 13, 2009 Order for refusing to compensate his expert witnesses, Mary Elsa Abele and Michele Mayer, at their privately established rates of $150.00 and $125.00 per hour respectively.

32. On or about June 19, 2009 the defendant, the Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education, conducted an administrative due process hearing relative to the defendant C.A.'s Motion for Non-Compliance. The hearing was limited to the following issues: (1) was Dracut in compliance with the March 13, 2009 Order by offering to compensate C.A.'s expert witnesses, Ms. Mayer and Ms. Abele, at the rate of $32.15 per hour pursuant to 114 C.M.R. 30.00 and 114 C.M.R. 30.04; and (2) in the event Dracut was not in compliance,

7

at what rate must Dracut compensate Ms. Abele and Ms. Mayer in order to comply with the March 13, 2009 Decision.

33. On July 14, 2009, the defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education issued a Decision, wherein the defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education found that, "[b]y offering consultants (Ms. Abele and Ms. Mayer) the compensation rate of $32.15 per hour, Dracut has failed to comply with the March 13, 2009 Decision of the BSEA." (See Decision dated July 14, 2009, attached hereto as Exhibit 2, at 12). The defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education further ordered that, "Dracut shall compensate the consultants at [$125.00 per hour]." *Id.*

34. The Plaintiff, Dracut School Committee, is aggrieved by the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education's Decision of March 13, 2009, in that the Decision is incorrect as a matter of law, is not supported by a preponderance of the evidence, is arbitrary and capricious, and is unwarranted by the facts of the record.

35. The Plaintiff, Dracut School Committee, is aggrieved by the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education's Decision of July 14, 2009, in that the Decision is incorrect as a matter of law, is not supported by a preponderance of the evidence, is arbitrary and capricious, and is unwarranted by the facts of the record.

WHEREFORE, the Plaintiff, the Dracut School Committee, prays that this Court:

(1) affirm the hearing officer's finding that C.A. met all of Dracut's and Massachusetts' requirements for graduation and that Dracut may and should graduate C.A. from high school;

(2) reverse the finding of the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education with respect to the Order requiring Dracut to provide C.A. with two (2) years of additional transition services, to extended special education eligibility for purposes of receiving two (2) years of additional transition services and with respect to the Order requiring Dracut to hire and compensate C.A. and P.A.'s expert witnesses or substitute consultants recommended by the Parent's expert witnesses;

(3) reverse the finding of the Defendant Bureau of Special Education Appeals of the Massachusetts Department of Elementary and Secondary Education with respect to the Order dated July 14, 2009 requiring Dracut to compensate Ms. Abele and Ms. Mayer at a rate of $125.00 per hour; and

(4) award the Plaintiff such other and further relief as the Court deems just and appropriate.

Dated: July 29, 2009

The Defendant,
Dracut Public Schools
By its attorneys,

*/s/ Catherine L. Lyons*
*/s/ Amy M. Rogers*

Catherine L. Lyons
BBO No. 652725
Amy M. Rogers
BBO No. 564721
Sullivan, Nuttall & MacAvoy, P.C.
1020 Plain Street, Suite 270
Marshfield, MA 02050
781-837-7428

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Date:   July 29, 2009            */s/Amy M. Rogers*

Amy M. Rogers